ATTORNEY GENERAL HENRY HAS ASKED ME TO RESPOND TO YOUR RECENT REQUEST FOR AN ATTORNEY GENERAL OPINION, IN WHICH YOU ASKED WHETHER THERE IS A CONFLICT OF INTEREST IF THE REGIONAL MANAGER OF THE PUBLIC SERVICE COMPANY OF OKLAHOMA ALSO SERVES ON THE BOARD OF EDUCATION OF THE GROVE PUBLIC SCHOOLS.
AS YOUR QUESTION IS ANSWERED, IN PART, BY A STATUTORY PROVISION, AND IS, IN PART, A QUESTION OF FACT, IT DOES NOT APPEAR NECESSARY TO ISSUE AN OFFICIAL OPINION IN RESPONSE. RATHER, I DIRECT YOUR ATTENTION TO 62 O.S. 371 (1988), WHICH PROVIDES IN PERTINENT PART:
 "NO . . . DISTRICT BOARD OF ANY SCHOOL DISTRICT IN THIS STATE. . . . SHALL MAKE ANY CONTRACT WITH ANY OF ITS MEMBERS, OR IN WHICH ANY OF ITS MEMBERS SHALL BE DIRECTLY OR INDIRECTLY INTERESTED; AND ALL CONTRACTS MADE IN VIOLATION OF THIS SECTION SHALL BE WHOLLY VOID.
 . . PROVIDED FURTHER THAT FOR THE PURPOSES OF THIS SECTION MONTHLY BILLINGS SUBMITTED TO ANY COUNTY OR ANY LOCAL SUB-DIVISION OF THE STATE FOR PUBLIC UTILITY COMPANIES, ELECTRIC COOPERATIVES OR TELEPHONE COMPANIES, WHOSE SERVICES ARE REGULATED BY THE OKLAHOMA CORPORATION COMMISSION, OR BILLINGS OF SAID UTILITY COMPANIES, ELECTRIC COOPERATIVES OR TELEPHONE COMPANIES PERTAINING TO INSTALLATIONS OR CHANGES IN SERVICE . . . SHALL NOT BE CONSIDERED THE MAKING OF A CONTRACT."
(EMPHASIS ADDED.)
CLEARLY, THIS STATUTE EXCEPTS FROM THE GENERAL RULE THE PROHIBITION AGAINST A CONTRACTUAL RELATIONSHIP BETWEEN A SCHOOL BOARD MEMBER AND A COMPANY WITH WHICH THE BOARD DOES BUSINESS. IN FACT, UNDER PRIOR ATTORNEY GENERAL OPINIONS ISSUED BEFORE THE AMENDMENT OF 371, SUCH A CONTRACT WOULD CLEARLY HAVE BEEN VOID. SEE AG OPINION NO. 83-019; AG OPINION NO. 83-153. BY VIRTUE OF THIS NEW LANGUAGE, THERE IS NO VIOLATION OF THE PROVISIONS OF 62 O.S. 351, ASSUMING THAT THE SOLE TRANSACTION BETWEEN THE SCHOOL BOARD AND THE UTILITY COMPANY IS IN THE CONTEXT OF MONTHLY BILLINGS OR INSTALLATION OR CHANGES IN SERVICE.
IN ADDITION 70 O.S. 5-124 (1988) CONTAINS PROHIBITIONS AGAINST MEMBERS OF A BOARD OF EDUCATION OF A SCHOOL DISTRICT. THAT STATUTE, AS WELL, CONTAINS THE PROVISO DESCRIBED IN 62 O.S. 371, THUS THE SAME ANALYSIS WOULD APPLY. IT MUST BE NOTED, HOWEVER, THAT 70 O.S. 5-124 CONTAINS AN ADDITIONAL PROHIBITION:
 "A MEMBER OF A BOARD OF EDUCATION SHALL BE CONSIDERED TO BE INTERESTED IN ANY CONTACT MADE WITH ANY COMPANY, INDIVIDUAL, OR ANY BUSINESS CONCERN IF SUCH MEMBER OF THE BOARD OF EDUCATION OR ANY MEMBER OF HIS IMMEDIATE FAMILY OWNS ANY SUBSTANTIAL INTEREST IN THE SAME."
BECAUSE, UNDER 70 O.S. 5-124, UTILITY BILLINGS SIMPLY ARE NOT CONTRACTS, THERE WOULD APPEAR TO BE NO VIOLATION OF 70 O.S. 5-124, EVEN IF THE SCHOOL BOARD MEMBER OWNS, FOR INSTANCE, STOCK IN THE PUBLIC SERVICE CORPORATION.
BASED ON THE FORGOING, IT APPEARS THAT UNDER THE CIRCUMSTANCES DESCRIBED IN YOUR LETTER THERE IS NO STATUTORY IMPEDIMENT TO THE EMPLOYEE OF THE PUBLIC SERVICE CORPORATION ALSO SERVING AS A SCHOOL BOARD MEMBER. BY WAY OF CAVEAT, HOWEVER, IT MUST BE NOTED THAT THERE ARE SOME CRIMINAL STATUTES WHICH ALSO GOVERN CONTRACTUAL RELATIONSHIPS BETWEEN PUBLIC OFFICERS AND PRIVATE ENTITIES. THE TWO MOST NOTABLE ARE 21 O.S. 344 (1981), WHICH PROVIDE THAT ANY PUBLIC OFFICER WHO IS AUTHORIZED TO MAKE ANY CONTRACT IN HIS OFFICIAL CAPACITY, AND WHO VOLUNTARILY BECOMES INTERESTED INDIVIDUALLY IN SUCH CONTRACT, DIRECTLY OR INDIRECTLY, IS GUILTY OF A MISDEMEANOR. IN ADDITION, 21 O.S. 355 (1981), PROVIDES THAT IT IS UNLAWFUL FOR ANY MEMBER OF ANY BOARD OF EDUCATION TO FURNISH FOR CONSIDERATION ANY MATERIAL OR SUPPLIES FOR THE USE OF THE SCHOOL DISTRICT. IT IS MY PERSONAL OPINION THAT NEITHER OF THESE STATUTES APPLIES TO THE CURRENT SITUATION, SO LONG AS THE CONTRACT BETWEEN THE SCHOOL BOARD AND THE UTILITY IS SIMPLY FOR THE TYPES OF SERVICES DESCRIBED IN 70 O.S. 5-124 AND 62 O.S. 371. I NOTE THESE STATUTES SIMPLY OUT OF AN ABUNDANCE OF CAUTION, AND WOULD SUGGEST THAT THE DISTRICT ATTORNEY BE CONSULTED TO ASCERTAIN HIS OPINION, SINCE HE IS DIRECTLY RESPONSIBLE FOR ENFORCING THESE STATUTES.
(SUSAN BRIMER LOVING)